CASE 34.—ACTION BY JOSEPH E. POTTER AGAINST CHARLES BELL INVOLVING THE RIGHT OF THE GENERAL COUNCIL OF A CITY OF THE SECOND CLASS TO ELECT A MARKET MASTER.— April 12.

## Potter v. Bell.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Municipal Corporations—Officers—Market Master—Appointment.—Ky. Stats. 1903, section 3124, providing that the superintendent of public works shall have control and supervision of the city's market houses, does not authorize the appointment of a market master by the board of public works.

2. Same—Creation of Office.—Ky. Stats. 1903, section 3038, incorporating cities of the second class, confers on them power to govern themselves in all fiscal, prudential, and municipal concerns by such ordinances and resolutions as they may deem proper, etc. Section 3049 provides that all officers and agents of the city, not required to be otherwise elected or appointed shall be elected by the general council, etc. Section 3058, subsec. 7, gives the general council power by ordinance to provide for the erection and maintenance of market houses, etc., and to provide for the government and regulation of markets, market places, etc. Section 3058, subsec. 25, in substance gives cities of the second class power to pass all such ordinances as may be expedient in maintaining the

peace, good government, health, and welfare of the city, etc.,, and provides that "any enumeration of subjects and matters herein to be regulated shall not be construed as a limi-tation upon this general power." Held, that the general council of a city of the second class has power to create the office of market master and to prescribe his duties and salary.

HENDRICKS, MILLER & MARBLE for Appellant.
(No authorities cited.)

FLOURNOY & REED for Appellee.

### AUTHORITIES CITED.

Davis v. Claus, 29 Ky. Law Rep.,—; Lowery v. Lexington, 25 Ky. Law Rep., 392; Ky. Statutes, sections 3049, 3058, subsec. 7 and 8; 3094; 3108; 3118 to 3125.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The question involved in this record is whether the market master of the city of Paducah (second class) is lawfully elected by the general council or by the board of public works. Appellant (the plaintiff below) was elected by the board of public works. The appellee (defendant) holds the office under an election by the general council. The question is one purely of law, and must be solved by reference to the charter of cities of the second class and the ordinances of the city of Paducah passed with reference to the subject in hand.

The general council of the city of Paducah, by an ordinance, created the office of market master, fixed his term, salary, and duties, and ordered that he should be elected by the general council in joint session; and under this ordinance the appellee was elected, as said before, and now holds the office, to the exclusion of appellant. There is no language in the

charter of cities of the second class expressly authorizing the creation of the office of market master by name, nor is there any express provision directing how or by whom this officer shall be elected. Sections 3118 to 3125, inclusive, Ky. Stats., 1903, provide for the appointment of the board of public works, and prescribe its duty, power and authority; but nowhere is there any indication of a legislative intent that a market master may be elected by them. Section 3124 is as follows: "Said superintendent (of public works) shall have charge, control and supervision of the city's gas, electric light works, wharves, parks and market houses." But manifestly having charge and supervision of the market houses does not authorize the appointment of a market master. So that we are forced to conclude that there is nothing in the charter which authorizes the appointment of the officer in question by the board of public works.

Section 3038, Ky. Stats., 1903, which incorporates cities of the second class, confers upon them the following general power: "* * * With power to govern themselves in all fiscal, prudential and municipal concerns by such ordinances and resolutions as they may deem proper, not in conflict with this act or the Constitution of the State of Kentucky or the Constitution of the United States. * * *" Section 3049 contains the following provision: "All officers and agents of the city, in any of its departments, not required to be otherwise elected or appointed, shall be elected by the general council in joint session upon joint viva voce vote, subject to removal at any time by said general council." Among the special powers given to the general council of cities of the second class, we find the following provision in subsection 7

of section 3058: ''The general council 'shall have power by ordinance  *  *  *  to provide 'for the erection and maintenance of market houses, and all 'needful buildings for the use of the city; to provide for the government and regulation of markets, market places and meatshops, and the amount of license tax to be paid therefor.'' And in subsection 25 of section 3058 cities of the second class are given power ''to pass all such ordinances, not inconsistent with the provisions of this act or the laws of the State, as may be expedient in maintaining the peace, good government, health and welfare of the city, its trade, commerce and manufactures, and to enforce the same by fines and penalties; and any enumeration of subjects and matters herein to be regulated shall not be construed as a limitation upon this general power.''

The foregoing provisions clearly confer upon the general council of cities of the second class the power to establish markets and to preserve the health and general welfare of the cities, and along with this, incidentally, the power to create the office of market master, and to prescribe his duties and salary. In the case of Lowry v. City of Lexington, 68 S. W. 1109, 24 Ky. Law Rep. 516, in construing the quotation from section 3049, that ''all officers and agents of the city, in any of its departments, not required to be otherwise elected or appointed, shall be elected by the general council in joint session upon joint viva voce vote, subject to removal at any time by said general council,'' it is said: ''For the city it is maintained that this should be construed to mean that if the general council, in creating the offices, has not required them to be otherwise elected or appointed, then they shall be elected by the general council. We are not able to

concur in this view.  It seems to us clearly to mean not required by the charter to be otherwise elected or appointed, and we think that section 160 of the Constitution, before quoted, looks to a provision by the General Assembly for the mode of appointment or election of such officers.''  This is conclusive of the question at bar.  The charter of cities of the second class nowhere provides for the election of market masters, and therefore, of necessity, the election must be by the general council.

As this was the opinion of the learned trial judge, his judgment, sustaining the demurrer to the petition and dismissing it, is affirmed.